# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID CONNEY, M.D.,**
        **Plaintiff,**

       **v.**                                                                     **Case No. 10C1150**

**QUARLES & BRADY, LLP,**
**MICHAEL SCHAALMAN, and**
**PAUL BAUER,**
        **Defendants.**

---

## ORDER

Plaintiff Dr. David Conney brings this diversity action against Quarles & Brady, LLP ("Quarles"), a Milwaukee law firm, and two Quarles lawyers alleging that defendants committed legal malpractice and charged plaintiff excessive fees. Plaintiff is a California citizen, and Quarles is a partnership none of the members of which is a California citizen. Before me now is plaintiff's motion to stay proceedings and compel arbitration pursuant to §§ 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq. Defendants oppose plaintiff's motion, arguing that plaintiff waived the right to arbitrate by filing the present suit, that plaintiff breached the agreement to arbitrate by failing to pay defendants' bills, and that plaintiff's malpractice claim is not arbitrable.

Plaintiff's action arises out of defendants' representation of him in an unsuccessful suit against the Northern Trust Co. for investing his money imprudently. During the course of the suit, a fee dispute arose between plaintiff and defendants, and the parties entered into the following agreement:

> Dr. David Conney and Quarles & Brady have agreed to binding arbitration with respect to any fee dispute arising out of Dr. Conney's lawsuit against The Northen Trust Company. That arbitration agreement is as follows: The parties agree to defer resolution of their fee dispute, if any, until after the Northen Trust litigation is settled or judgment is entered in trial court. Dr. Conney has the right to choose the arbitrator(s), including without limitation, the lawyers who are fact or expert witnesses in the case, namely George Heisler, Michael Conway, and/or Hanson Reynolds, any one or combination of them. The decision of the arbitrator(s) is final and non-appealable.
>
> As consideration for this arbitration agreement and subject to his right to arbitrate all past, current, and future legal fees, Dr. Conney agrees to pay all outstanding fees and disbursements and that the fee arrangement remains as an hourly retention on a going-forward basis.

(Compl. Ex. 1 at 1.)

Generally, a party that chooses a judicial forum is presumed to have waived his right to arbitrate. Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004). However, a movant may rebut the presumption by showing that his invocation of the judicial process does not signify an intent to proceed in court to the exclusion of arbitration. Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388, 390-391 (7th Cir. 1995). For instance, the movant could be uncertain of the extent of his right to arbitrate and fear that the statute of limitations might run on some of his claims. Id. at 391; Iowa Grain Co. v. Brown, 171 F.3d 504, 509-510 (7th Cir. 1999). In determining whether a party has rebutted a presumptive waiver, I ask whether the party did "all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration[.]" Cabinetree, 50 F.3d at 390. In the present case, I conclude that plaintiff has rebutted the presumption of waiver. Although plaintiff's claim that defendants charged excessive fees is clearly arbitrable, as I will discuss, his malpractice claim is not. Had plaintiff arbitrated without also filing suit, he would have risked having the arbitrator reject

his malpractice claim as outside the scope of the arbitration agreement while losing out on the possibility of judicial relief because of the statute of limitations. Further, plaintiff stated in his complaint that he wished to arbitrate, and he moved to compel arbitration before conducting any discovery. Thus, plaintiff made clear that his suit did not signify an intent to eschew arbitration.

Next, defendants contend that they need not arbitrate because plaintiff breached the arbitration agreement by failing to pay their fees. However, the language of the arbitration agreement does not support defendants' argument. The agreement states that "[a]s consideration for this arbitration agreement. . . Dr. Conney agrees to pay all outstanding fees and disbursements and that the fee arrangement remains as an hourly retention on a going-forward basis." (Compl. Ex. 1 at 1.) I conclude that this language is unambiguous. Giving it its plain and ordinary meaning, as I must, see Town Bank v. City Real Estate Dev., LLC, 330 Wis. 2d 340, 356 (2010), it means that plaintiff agreed to pay the fees which were then outstanding ($184,000) and that the parties' hourly fee arrangement would remain in effect. Plaintiff's right to arbitrate was contingent on his paying the fees that he had then incurred, not fees that he would incur in the future. Thus, plaintiff did not breach the arbitration agreement.

Finally, defendants contend that plaintiff's malpractice claim is not within the scope of the arbitration agreement. "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). However, whether an issue is subject to arbitration is generally a matter of contract interpretation, because "'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Kiefer

3

Specialty Flooring, Inc. v. Tarkett, Inc., 174 F.3d 907, 909-10 (7th Cir. 1999) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). In their agreement, the parties agreed to arbitrate "any fee dispute." Plaintiff argues that his malpractice claim is within the meaning of fee dispute because defendants' malpractice caused him to incur unnecessary fees. However, I conclude that plaintiff's proposed interpretation is unreasonable. Plaintiff's malpractice claim is that defendants' negligence caused him to lose his case. Such a claim is not a dispute about fees. Compare Helmbrecht v. St. Paul Ins. Co., 122 Wis. 2d 94, 103 (1985) (discussing elements of a malpractice claim); with Maynard Steel Casting Co. v. Sheedy, 307 Wis. 2d 653, 656-657 (Ct. App. 2008) (discussing suit seeking disgorgement of unreasonable fees and inherent power of courts to refuse to enforce contracts calling for clearly excessive fees) and Wis. SCR 20:1.5(a) (listing factors used to determine reasonableness of attorney fees). Notwithstanding the presumption in favor of arbitration, the agreement is not susceptible to an interpretation that covers malpractice.

Thus, I will grant plaintiff's motion to compel arbitration as to his claim that defendants charged him excessive fees and deny it as to his malpractice claim. As to whether to stay litigation of the malpractice claim, I consider "the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays." Volkswagon of Am., Inc. v. Sud's of Peoria, Inc., 474 F. 3d 966, 972 (7th Cir. 2007) (citations and internal quotations omitted). Because the fee claim and the malpractice claim are not entirely unrelated, it is possible that in the absence of a stay there could be inconsistent rulings. And arbitration will not result in

prejudicial delay. Thus I will grant the motion to stay the malpractice claim pending arbitration of the fee dispute. Therefore,

**IT IS ORDERED** that plaintiff's motion to stay and compel arbitration is **GRANTED IN PART AND DENIED IN PART** as discussed above. The present case is stayed pending resolution of the arbitration.

Dated at Milwaukee, Wisconsin this 26th day of May 2011.

/s_____
LYNN ADELMAN
District Court