# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID CONNEY, M.D.,**
        **Plaintiff,**

    v.                                          Case No. 10-CV-1150

**QUARLES & BRADY, LLP,**
**MICHAEL SCHAALMAN, and**
**PAUL BAUER,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Dr. David Conney brings this diversity action against defendants Quarles & Brady, LLP ("Quarles"), a Wisconsin law firm, and two Quarles lawyers. Quarles moves to enforce my earlier order compelling arbitration of one of plaintiff's claims. Plaintiff's action arises out of defendants' representation of him in an unsuccessful suit against The Northern Trust Company ("Northern") in which he accused Northern of imprudently investing his money. Plaintiff alleges that defendants committed legal malpractice by bringing time-barred claims for breach of fiduciary duty against Northern instead of a timely claim for negligence. As a result of this malpractice, he says he lost his case and incurred unnecessary legal fees. He also claims that defendants charged excessive fees for their services. Plaintiff's claim that defendants charged him excessive fees is separate from his malpractice claim and does not depend on whether defendants committed malpractice.

During the course of the lawsuit, Quarles entered into an arbitration agreement with plaintiff which states, "Dr. David Conney and Quarles & Brady have agreed to binding arbitration with respect to any fee dispute arising out of Dr. Conney's lawsuit against The

Northern Trust Company." (Compl. Ex. 1 at 1, ECF No. 1.) After filing the complaint, plaintiff moved for an order pursuant to § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, compelling arbitration of his claims against Quarles.[1] I found that the excessive fee claim was arbitrable but the malpractice claim was not. In spite of my ruling, plaintiff has asked the arbitrator to rule on his claim that defendants' malpractice caused him to incur unnecessary legal fees. In response, Quarles moves to enforce my order compelling arbitration. Alternatively, if part of the malpractice claim is arbitrable, Quarles moves for appointment of a new arbitrator because the current arbitrator, Michael Conway, will be a material witness in any malpractice litigation.

It is not clear what action Quarles wants me to take to enforce my earlier order. Since the arbitrator has not yet issued an award that I can review, all I can do is reiterate my earlier ruling, which hopefully will clarify matters. As noted, I concluded that no part of the malpractice claim was arbitrable. Plaintiff argued in his motion to compel arbitration that his malpractice claim was a "fee dispute" because defendants' malpractice caused him to incur unnecessary fees, but I rejected that argument. Plaintiff's malpractice claim is that defendants were professionally negligent. Reimbursement of fees incurred by plaintiff for negligent representation is simply one item of potential damages. Because the malpractice claim is not arbitrable, I do not need to address Quarles' alternative motion to appoint a new arbitrator.

---

[1] The arbitration agreement is governed by the FAA because it is related to a transaction involving interstate commerce. *See* 9 U.S.C. § 2. Plaintiff, a California citizen, agreed to pay legal fees to a Wisconsin law firm for services rendered in Wisconsin.

**THEREFORE, IT IS ORDERED** that Quarles & Brady, LLP's motion to enforce the arbitration order (Docket #19) is **GRANTED** to the extent it seeks clarification of that order. The alternative motion for an order requiring plaintiff to select a new arbitrator (Docket #19) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the case is **STAYED** pending completion of arbitration.

Dated at Milwaukee, Wisconsin this 10th day of May 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Court