# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID CONNEY, M.D.,**
        **Plaintiff,**

      v.                                            Case No. 10-CV-1150

**QUARLES & BRADY, LLP,**
**MICHAEL SCHAALMAN, and**
**PAUL BAUER,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Dr. David Conney filed this diversity action against defendants Quarles & Brady, LLP ("Quarles"), a Wisconsin law firm, and two Quarles lawyers on December 21, 2010. The action arises out of defendants' representation of plaintiff in an unsuccessful lawsuit. Plaintiff alleges that defendants committed malpractice and charged excessive fees for their services. Plaintiff moved to stay the proceedings and compel arbitration of his claims against Quarles pursuant to §§ 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3–4. Quarles conceded that it had entered into an arbitration agreement with plaintiff, which was governed by the FAA, but opposed the motion to compel arbitration. I granted the motion in part and denied it in part. I ordered Quarles to arbitrate the excessive fee claim but found that the malpractice claim was not arbitrable. I then stayed litigation of the malpractice claim pending arbitration of the fee dispute.

As permitted by the agreement, plaintiff selected Michael Conway, who is based in Chicago, as the arbitrator and suggested that the arbitration take place in Chicago because

it would be more convenient for Conway. Quarles objected to this proposal in a letter addressed to Conway, which stated:

> The United States District Court for the Eastern District of Wisconsin is the place where this litigation was commenced. It ordered arbitration. It did not order arbitration in Chicago. There is no reason to believe the arbitration should take place in Chicago, which has absolutely nothing to do with this dispute other than the fact that Dr. Conney chose to retain Mr. Joyce and Dr. Conney and Mr. Joyce chose you as the arbitrator. We believe you should direct that the arbitration take place in Milwaukee because we believe you have no authority to direct otherwise.

(Aff. of Terry E. Johnson, Ex. B, ECF No. 29-2.) Despite this objection, the arbitrator ruled on February 3, 2012, that the arbitration would take place in Chicago. In October 2012, defendants filed a motion in this court asking me to enforce the arbitration order because they believed the arbitrator was planning to arbitrate the malpractice claim. In that motion, defendants did not discuss the location of the arbitration or object to arbitrating in Chicago.

On December 22, 2013, the arbitrator issued a written decision awarding relief to plaintiff. Shortly thereafter, plaintiff filed a petition to confirm the arbitration award in the Circuit Court of Cook County, Illinois. Quarles removed the case to the Northern District of Illinois with the intent to have that court transfer the matter back to this court, and plaintiff filed a motion to remand which is pending. Before me now is defendants' motion for an order either compelling plaintiff to dismiss the action filed in Illinois or prohibiting him from pursuing that action until I have the opportunity to review the arbitration award and resolve plaintiff's malpractice claim.

As an initial matter, I find that the parties' arbitration agreement is governed by the FAA. Plaintiff states that he filed the confirmation proceeding in Illinois because "the arbitration agreement is governed by Wisconsin law . . . [and] the Wisconsin Arbitration Act requires that the confirmation proceeding take place in the county from which the award

2

was issued." (Pl.'s Resp. to Defs.' Supplemental Authority in Supp. of Non-Dispositive Mot. 3, ECF No. 30.) This is the first time in over three years of litigation that plaintiff has argued that the FAA does not govern the parties' arbitration agreement. As noted, he expressly relied on the FAA when moving to compel arbitration, and defendants did not dispute that the FAA applied to this case. As a result, I applied the FAA when deciding to compel arbitration. Moreover, in his briefs, plaintiff does not explain his change of position or offer any legal authority in support of his view that the Wisconsin Arbitration Act governs. Thus, I find that plaintiff has waived this argument, and I will continue to apply the FAA. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (even arguments that are raised are waived "if they are underdeveloped, conclusory, or unsupported by law"); *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .").

Defendants argue that plaintiff should be required to bring his petition to confirm the arbitration award in this court because, under § 4 of the FAA, I could only compel the parties to arbitrate in this district. Therefore, according to defendants, the arbitration should have taken place in the Eastern District of Wisconsin and not in Chicago. If the arbitration had taken place in this district as it should have, defendants argue plaintiff would have been required to bring his petition to confirm the award in this district. This is so because this district would have provided the only proper venue under § 9 of the FAA, which states that an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.[1]

---

[1] Defendants also suggest that this court has exclusive jurisdiction over the confirmation proceeding, but they offer no legal analysis or authority to support this claim.

I agree that § 4 of the FAA only gives me the authority to compel a party to arbitrate within this district. Section 4 requires an arbitration to take place "within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4; *see also Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011) ("[U]nder § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district."). However, I find that Quarles waived its right to object to the location of the arbitration by failing to raise the issue before this court in a timely fashion.

Waiver occurs "when there has been the voluntary or intentional relinquishment of a known right." *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) (discussing a forum selection clause in an arbitration agreement). In this case, Quarles was clearly aware of its right to arbitrate in this district because it objected to the location of the arbitration in a proceeding before the arbitrator in February 2012. But it waited until two months *after* the arbitrator had issued his award to raise the issue before this court. This was too long of a delay. *See* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3801 (3d ed.) ("The defense of improper venue is a personal privilege of the defendant, who may waive it either expressly or by failing to make timely objection."). Quarles argues that it had no means of challenging the arbitrator's decision to arbitrate in Chicago until after the arbitration was complete, but that is not true. The arbitrator decided that the arbitration would take place in Chicago in February 2012, and in October 2012 Quarles filed a motion in this court to enforce the order compelling arbitration. In its motion, Quarles could have objected to the location of the arbitration. Since it chose not to do so, I find Quarles voluntarily relinquished its right to arbitrate in this district. Because the

4

arbitration took place in Chicago, the Northern District of Illinois is a proper venue for the petition to confirm the arbitration award under § 9 of the FAA. That court is "the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

Moreover, even if the arbitration had taken place in this district, defendants argument would still fail because a petition to confirm the arbitration award could still be filed in the Northern District of Illinois. The venue provision in § 9 is permissive and not restrictive, which means a petition to confirm an arbitration award may be filed "*either* where the award was made *or* in any district proper under the general venue statute." *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 195 (2000) (emphasis added).[2] And the Northern District of Illinois is a proper venue under the general venue statute because Quarles has offices in Chicago. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

Because defendants have failed to prove that this court is the exclusive venue for plaintiff's petition to confirm the arbitration award, I will deny defendants' motion for an order either compelling plaintiff to dismiss the Illinois action or prohibiting him from pursuing that action until I have the opportunity to review the arbitration award.

---

[2] The Supreme Court read § 9's venue provision as permissive in part because it benefits the parties to an arbitration by giving them more flexibility when choosing a location for the arbitration. *Cortez*, 529 F.3d at 202. The Court noted, "The parties may be willing to arbitrate in an inconvenient forum, say, for the convenience of the arbitrators, or to get a panel with special knowledge or experience, or as part of some compromise, but they might well be less willing to pick such a location if any future court proceedings had to be held there." *Id.* Here, the parties appear to have agreed to arbitrate in Chicago as part of a compromise for the benefit of the arbitrator, but that does not mean they are required to conduct all future litigation in Chicago.

**THEREFORE, IT IS ORDERED** that defendants' motion to compel (Docket #24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2014.

                                           s/ Lynn Adelman
                                           _____
                                           LYNN ADELMAN
                                           District Judge