# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID CONNEY, M.D.,

    Plaintiff,

v.                              Case No. 10-CV-1150

QUARLES & BRADY LLP, MICHAEL
SCHAALMAN, and PAUL BAUER,

    Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendant, Quarles & Brady LLP, by their attorneys, Peterson, Johnson & Murray, S.C., answer the amended complaint as follows.

1. Answering paragraph 1, admit generally that this lawsuit was filed, and that the amended complaint generally contained allegations of the type referred to therein, but deny the truth of the allegations contained therein.

2. Answering paragraph 2, admit generally the truth of the allegations contained therein.

3. Answering paragraph 3, admit that Dr. Conney presented evidence, but deny that the evidence or argument presented therein are fully, fairly, or accurately characterized therein.

4. Answering paragraph 4, admit that Quarles & Brady presented certain arguments, but deny that the allegations contained therein fully, fairly, or accurately characterize those arguments.

5. Answering paragraph 5, admit generally the truth of the allegations contained therein.

6. Answering paragraph 6, admit that the arbitrator made an order concerning fees, but deny that that order is fully, fairly, or accurately characterized therein.

7. Answering paragraphs 7 and 8, admit generally the truth of the allegations contained therein.

8. Answering paragraph 9, deny the truth of the allegations contained therein.

9. Answering paragraph 10, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny all such allegations.

10. Answering paragraph 11, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained concerning the alleged ranking or relative size of defendant Quarles & Brady or as to what knowledge plaintiff may have concerning the citizenship of the partners of defendant, Quarles & Brady, and therefore deny all such allegations.

11. Answering paragraph 12, admit the truth of the allegations contained therein.

12. Answering paragraphs 13, 14, and 15, admit generally the truth of the allegations contained therein.

13. Answering paragraph 16, deny the truth of the allegations contained therein.

14. Answering paragraph 17, admit that Schaalman made some of the comments referred to therein, but deny that the allegations of that paragraph fully, fairly, or accurately characterize the statements made by Schaalman and affirmatively allege that additional and different statements were made in the same context.

15. Answering paragraph 18, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny all such allegations.

16. Answering paragraph 19, admit generally the truth of the allegations contained

2

therein, but deny the truth of the substantive allegations contained within the amended complaint.

17. Answering paragraph 20, deny the truth of the allegations contained therein.

18. Answering paragraph 21, deny that the allegations contained therein fairly, accurately, or fully characterize the testimony of Bauer and affirmatively allege that the testimony of Bauer at the arbitration hearing is irrelevant testimony herein; further answering said paragraph, deny the truth of the allegations contained therein as to the alleged conclusions of the arbitrator and affirmatively allege that the conclusions of the arbitrator are irrelevant to the proceedings in this Court.

19. Answering paragraph 22, deny that the allegations concerning the relevant facts of the Kuesel case are accurate or complete; further answering said paragraph, deny the truth of the allegations contained therein as to the conclusions allegedly reached by the arbitrator.

20. Answering paragraph 23, deny the truth of the allegations contained therein and affirmatively allege that any such findings are irrelevant.

21. Answering paragraph 24, admit that the motion for summary judgment was filed and that, among other allegations, the allegations contained therein; further answering said paragraph, deny the truth of the remaining allegations contained therein.

22. Answering paragraph 25, admit that the Zastrow decision was issued at the time alleged therein and that it was subsequently affirmed by the Wisconsin Supreme Court, but deny that the allegations of that paragraph fairly, accurately, or completely characterize the holding of the Zastrow case.

23. Answering paragraph 26, admit that the breach of fiduciary duty claim was dismissed; further answering said paragraph, deny the truth of the allegations contained therein

3

as to the findings of the arbitrator and affirmatively allege that the findings of the arbitrator are irrelevant to this action.

24. Answering paragraph 27, deny the truth of the allegations contained therein and affirmatively allege that findings of the arbitrator are irrelevant to this action.

25. Answering paragraph 28, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to the conduct of Dr. Conney or what Dr. Conney would or would not have done; further answering said paragraph, deny the truth of the allegations contained therein.

26. Answering paragraph 29, deny the truth of the allegations contained therein.

27. Answering paragraph 30, deny the truth of the allegations contained therein and affirmatively allege that any such findings by the arbitrator are irrelevant to this action.

28. Answering paragraph 31, admit that the trial court granted the motion to dismiss, but deny the truth of the remaining allegations contained therein.

29. Answering paragraph 32, deny the truth of the allegations contained therein and affirmatively allege that any such finding by the arbitrator is irrelevant to this action.

30. Answering paragraph 33 and 34, deny the truth of the allegations contained therein...

31. Answering paragraph 35, deny that the allegations therein fairly, accurately, or completely characterize the position taken by Quarles & Brady in the subjects referred to therein; further answering said paragraph, deny the truth of the remaining allegations contained therein and affirmatively allege that any such findings are irrelevant to this proceeding.

32. Answering paragraph 36, deny the truth of the allegations contained therein and affirmatively allege that any such findings are irrelevant to this proceeding.

4

33. Answering paragraph 37, admit generally the truth of the allegations contained therein.

34. Answering paragraph 38, deny that the allegations contained therein fairly, accurately, or completely characterize the arguments presented by Quarles & Brady.

35. Answering paragraph 39, deny the truth of the allegations contained therein and affirmatively allege that any such findings are irrelevant to this proceeding.

36. Answering paragraph 40, admit that an appeal was undertaken; further answering said paragraph, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny all such allegations.

37. Answering paragraph 41, deny the truth of the allegations contained therein and affirmatively allege that the allegations contained therein do not fully, fairly, or accurately characterize any estimate which was given.

38. Answering paragraph 42, deny the truth of the allegations contained therein.

39. Answering paragraph 43, deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny all such allegations.

40. Answering paragraph 44, deny the truth of the allegations contained therein.

41. Answering paragraph 45, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

42. Answering paragraph 46, admit that an attorney must conform to the appropriate standard of care, but deny that the allegations of that paragraph fully, fairly, or accurately characterize the standard of care owed; further answering said paragraph, deny the truth of the remaining allegations contained therein.

5

43. Answering paragraph 47 and 48, deny the truth of the allegations contained therein.

44. Answering paragraph 49, deny that defendant breached any duty owed Conney, whether as alleged therein or otherwise; further answering said paragraph, deny on information and belief the truth of the remaining allegations contained therein.

45. Answering paragraph 50, reallege and incorporate herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

46. Answering paragraph 51, deny that the arbitrator made the findings referred to therein and affirmatively allege that any such findings are irrelevant to this action.

47. Answering paragraph 52, admit that defendant owed a duty to Conney, but deny that the allegations of that paragraph fairly, accurately, or completely describe that duty.

48. Answering paragraphs 53, 54, and 55, deny the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

Now comes this answering defendant, and as and for their first affirmative defense, allege that, if plaintiff sustained any injuries or damages as alleged in the amended complaint, such injuries or damages as may have been sustained were caused directly and proximately by his failure to exercise ordinary care for his own legal, business, and financial interests at the time of and prior to the events involved herein.

As and for a further affirmative defense, allege that, if plaintiff sustained any injuries or damages as alleged in the amended complaint, then those injuries and damages were caused in whole or in part by the failure of certain third parties to exercise ordinary care in the performance

6

Case 2:10-cv-01150-LA   Filed 02/08/17   Page 6 of 7   Document 36
Case 2:10-cv-01150-LA   Filed 02/27/17   Page 7 of 8   Document 39-3

of their responsibilities to plaintiff, including, but not limited to, counsel also representing and advising plaintiff at the same time plaintiff was being represented by defendants and counsel undertaking representation of plaintiff with regard to the underlying matters after defendants' representation of plaintiff ended.

As and for a further affirmative defense, allege that, if plaintiff sustained any injuries or damages as alleged in the amended complaint, plaintiff may have failed to take certain reasonable and practical steps to mitigate any such damages.

WHEREFORE, defendant demands judgment dismissing the amended complaint against them on its merits, together with their costs and disbursements herein.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2017.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Defendant, Quarles & Brady LLP

By: /s/ *Electronically signed by Terry E. Johnson*
Terry E. Johnson
State Bar No. 1016704

P.O. ADDRESS:
788 N. Jefferson Street, Suite 500
Milwaukee, WI 53202
(414) 278-8800
00968634.DOC

7

Case 2:10-cv-01150-LA   Filed 02/08/17   Page 7 of 7   Document 36
Case 2:10-cv-01150-LA   Filed 02/27/17   Page 8 of 8   Document 39-3